**Constantinos TSAMBASIS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72630.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2008.*

Filed Feb. 25, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, Fatma Marouf, Esq., Marouf Law Group, PLC, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Edward C. Durant, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Charles E. Canter, Esq., DOJ–U.S. Department of Justice Trial Attorney, Cleveland, OH, for Respondent.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM **

Constantinos Tsambasis ("Tsambasis") appeals the Bureau of Immigration Appeal's ("BIA") decision rejecting his petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

■ Substantial evidence supports the Immigration Judge's ("IJ") determination that Tsambasis failed to establish a nexus between the police action and his ethnicity, and that he therefore did not qualify as a refugee eligible for asylum under 8 U.S.C. § 1101(a)(42)(A). Tsambasis himself testified that he believed that the harassment was attributable to his litigation against a local bank. Accordingly, the evidence does not compel the conclusion that the police action was not entirely attributable to reasons other than ethnicity, including Tsambasis's litigation against the bank and his criminal history. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) ("To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it.").

Since substantial evidence supports the IJ and BIA determinations with respect to the asylum claim, substantial evidence also supports their determination that Tsambasis could not meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999) ("[I]f an alien fails to estab-

** This disposition is not appropriate for publication and is not precedent except as provid-ed by Ninth Circuit Rule 36–3.

lish eligibility for asylum, then the alien necessarily fails to establish eligibility for withholding of deportation.").

 Finally, the BIA did not fail to address Tsambasis's CAT claim. The BIA adopted the IJ opinion, which states, "After full consideration of the facts in this case, the Court cannot say that it is more likely than not that such a treatment would be visited upon the respondent were he to return to Canada." Since the IJ "considered all the evidence," which included documentary evidence, this conclusory statement rejecting the CAT claim is sufficient. *See Almaghzar v. Gonzales,* 457 F.3d 915, 922 (9th Cir.2006).

**PETITION DENIED.**